UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT JOSEPH JEWETT,<br>Plaintiff,<br>v.<br>SHASTA COUNTY JAIL, et al.,<br>Defendants. | No. 2:26-cv-2037 CSK P<br><u>ORDER</u> |

Plaintiff is a former county jail inmate, now housed in state prison, and is proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

On June 29, 2026, plaintiff filed an amended complaint as of right. (ECF No. 6.) As discussed below, plaintiff's amended complaint is dismissed with leave to amend.

I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.

However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II. PLAINTIFF'S AMENDED COMPLAINT

In the amended complaint, plaintiff alleges that inmates housed in the mental health pod of the Shasta County Jail are subjected to incidents of "shitbombing," where bags of feces and urine are placed outside their cells and stomped on, causing smells, human waste exposure, and flies, leaving the targeted person, who often lacks the capacity to address it, leaving it up to custody and mental health staff to address the issue and "put processes in place to maintain a safe standard of living." (ECF No. 6 at 3.) Plaintiff claims mentally ill inmates are frequently left living in a toxic and dangerous environment. Plaintiff alleges he is a mentally ill inmate who suffers PTSD, depression, bipolar, anxiety, etc. (Id.) Plaintiff seeks injunctive relief as well as money damages. (Id. at 4.) As defendants, plaintiff names the Shasta County Jail, Wellpath, and Jane and John Doe. (Id. at 2.)

## III. DISCUSSION

Plaintiff challenges the conditions of confinement in the mental health pod of the Shasta County Jail. While "the Constitution does not require comfortable prisons [or jails]," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), conditions within a prison or jail can be actionable if they "result in the denial of 'the minimal civilized measure of life's necessities.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Rhodes, 452 U.S. at 347). Courts have held that certain conditions of confinement, such as excessive noise and unsanitary conditions, fall short of constitutional requirements. Keenan v. Hall, 83 F.3d 1083, 1090 (9th Cir. 1996) (holding that the Constitution requires inmates to "be housed in an environment that, if not quiet, is at least reasonably free of excess noise"); Anderson v. Cnty. of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995)

("[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.").

A. Pretrial Detainee or Convicted Inmate

First, it is unclear whether plaintiff's claims arise under the Eighth or Fourteenth Amendments. Plaintiff was housed in state prison at the time he filed this action, and he does not indicate whether he had been convicted at the time of the alleged violations, or was awaiting trial.

Pretrial detainees claiming unconstitutional conditions of confinement must establish that an official acted with deliberate indifference under the Fourteenth Amendment. To do so, four elements must be satisfied: "(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries." Castro v. Cnty. Of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016). With respect to the mens rea requirement of Fourteenth Amendment deliberate indifference, a plaintiff must show "more than negligence but less than subjective intent or awareness—something akin to reckless disregard." Castro, 833 F.3d at 1071; Norbert v. City & Cnty. of San Francisco, 10 F.4th 918, 928 (9th Cir. 2021). In other words, the "defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." Castro, 833 F.3d at 1071.

Post-conviction incarcerated individuals must also prove deliberate indifference to poor prison conditions under the Eighth Amendment. "The Eighth Amendment's deliberate indifference standard involves both an objective and a subjective prong. First, like the Fourteenth Amendment, the alleged deprivation must be, in objective terms, 'sufficiently serious'" to rise to the level of a constitutional violation. Farmer, 511 U.S. at 834. Second, "the official must both know of and disregard this serious risk." Id. at 837. In other words, the evidence must show that the official failed to act even though they (1) were aware of facts from which the inference could

be drawn that a serious risk of unconstitutional conditions existed if the prisoner's grievances were unaddressed, and (2) actually drew that inference. Id. If the evidence merely shows that a defendant should have been aware of the risk of harm, but was not, then they have not violated the Eighth Amendment, no matter how severe the risk. Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002) (overruled on other grounds by Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1076 (9th Cir. 2016)).

B. Vague and Generalized Facts Are Insufficient

Second, plaintiff's generalized allegations are insufficient. Plaintiff must identify concrete violations against himself personally, and name the individuals responsible for protecting plaintiff from such violations. Plaintiff cannot litigate other inmates' claims. Plaintiff does not identify who was leaving these bags in front of inmates' cells, if they were mentally ill inmates who were housed in the mental health pod, or someone else. Although plaintiff claims this happened "frequently," he provided no specific facts to quantify how often this occurred, such that the Court can determine whether these violations rise to the level of a civil rights violation. Plaintiff does not indicate whether the person responsible was a repeat offender such that mental health care staff might be aware of the risk of repeat offenses. If plaintiff brought this to the attention of jail staff or Wellpath staff who plaintiff alleges failed to act in response, plaintiff should identify that staff person by name. The U.S. Marshal is unable to serve individuals named as John or Jane Doe. Plaintiff must allege facts meeting each element of a conditions of confinement claim, depending on whether he is a pretrial detainee or has been convicted, as set forth above.

IV. LEAVE TO AMEND

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court determines that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must

allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. However, the court grants plaintiff leave to file a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West, 487 U.S. at 48. Also, the second amended complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

Sheriff of Shasta County filed concurrently herewith.

3. Plaintiff's amended complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

Dated: August 12, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/jewe2037.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EVERETT JOSEPH JEWETT,

Plaintiff,

v.

SHASTA COUNTY JAIL, et al.,

Defendants.

No. 2:26-cv-2037 CSK P

NOTICE OF AMENDMENT

Plaintiff submits the following document in compliance with the court's order filed on ______________ (date).

☐ Second Amended Complaint

(Check this box if submitting a Second Amended Complaint)

DATED:

________________________________

Plaintiff